# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

STANLEY SHORT, #434-581,                    *

Plaintiff                                   *

v                                           *        Civil Action No. PX-18-2390

BABATUNDE ABIDOGUN and                      *
ERNEST ROSE,
                                            *
Defendants

                                          ***

## MEMORANDUM OPINION

Plaintiff Stanley Short, incarcerated at Eastern Correctional Institution in Westover, Maryland, filed suit pursuant to 42 U.S.C. § 1983 for violations of Short's right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. Short alleges that while housed at Jessup Correctional Institution, Correctional Officers Babatunde Abidogun and Ernest Rose assaulted him without provocation, twisting his arm and hitting him in the head with a walkie-talkie. ECF No. 1 at 2-3.[1] As relief, Short seeks money damages and the prosecution of Abidogun and Rose.[2] *Id.* at 4.

Pending is Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 16. On January 29, 2019, in conformity with *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), the Clerk of the Court informed Short that the Defendants had filed a dispositive motion, and that Short must file any written response within seventeen days or risk that

---

[1] This Memorandum Opinion cites to the pagination assigned by the Court's electronic docketing system.

[2] Short, under no circumstance, could be afforded this relief because "in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

the motion would be considered without further notice.  ECF No. 17.  Short did not respond.  For the following reasons, Defendants' motion, construed as one for summary judgment, is granted.

## I.      Background

The record evidence, construed most favorably to Short, chronicles the following events.

On May 22, 2018, Abidogun saw Mr. Short, who was assigned to F-Building, Cell #A-121, walking from the kitchen towards A-Building's side of the compound.  Short was carrying a dietary bag in his right hand.  ECF No. 16-4 at ¶ 3, Abidogun Decl.  Abidogun ordered Short to report to the "Compound Guard Shack" to be strip-searched, with Officers Ernest Rose, Obinna Ohanyere, and Desmond Ross assisting.  *Id*.  Short complied.  During the search, Short grew angry and non-compliant; he threw his clothes onto the floor rather than handing them to the officers as instructed.  *Id*. at ¶ 4.  Short then clenched his left hand into a fist and stated, "If ya'll want to do this, let's do it!"  *Id*. at ¶5.  Abidogun ordered Short to unclench his left hand.  Short refused, at which point he was taken to the floor by the officers.

Abidogun retrieved a paper packet from Short's left hand that appeared to contain a controlled dangerous substance.  *Id*. at ¶ 6.  Rose handcuffed Short and escorted him to medical department for assessment and evaluation.  *Id*.  Abidogun informed Short that he would receive a Notice of Infraction.  Short was thereafter placed in the segregation housing unit pending an adjustment hearing.  *Id*. at ¶ 7.

Abidogun prepared the Notice of Infraction, charging Short with engaging in a disruptive act; use of threatening language disruptive act; interfering with or resisting the duties of staff, or refusing to permit a search of person, property, location, or assigned area; disobeying a direct lawful order; exhibition, demonstration, or conveyance of insolence, disrespect, or vulgar language; and possession, passing, or receiving contraband.  Abidogun attests that he and other

officers used force necessary to gain control and restrain Mr. Short. Abidogun also attests that he did not witness Rose strike Short in the head with his walkie talkie. *Id*. Rose corroborates Abidogun's recitation of events and contends that the did not hit Short in the head with his walkie talkie. ECF No. 16-5 at ¶ 5.

An internal investigation concluded that the officers used only such force necessary to maintain safety and in accordance with established directives and policies regarding response to a disruptive inmate. ECF No. 16-6, JCI Serious Incident Report (SIR) #18-096/JCI Use of Force (UOF) Report #18-029. Similarly, medical records reflect that immediately after the incident, Short was alert and oriented with no signs of confusion or dizziness. ECF No. 16-7 at 39. Short had a minor cut and two bumps to the left and right of his forehead. *Id*. Short reported that his neck and ear hurt, but denied any dizziness, weakness, back or chest pain, and he was able to move his limbs. *Id*. Short requested to be discharged to his housing unit, and he was cleared to return to his cell. *Id*.

On May 23, 2018, Officer Tahir Bashir tested the substance that Short had been holding and confirmed the presence of Buprenorphine.[3] Short was thereafter charged with violation of inmate rule possession or use of a controlled dangerous substance. ECF No. 16-6. Mr. Short filed a Request for Administrative Remedy, alleging that prison staff assaulted him during the strip-search on May 22, 2018. An investigation was opened under IID Case No. 18-35-00989. *Id*.

On May 29, 2018 Short received an adjustment hearing. Short reached an agreed-upon resolution to the infractions, and he received as a sanction, 90 days of disciplinary segregation, a loss of 75 days of good conduct credits and an indefinite loss of visits. ECF No. 16-8 at 10.

---

[3] Buprenorphine, sold under the brand name Suboxone, is an opioid used to treat opioid addiction and moderate acute or chronic pain. *See* https://www.bing.com/search?q=Buprenorphine (last reviewed April 26, 2019).

## II.    Analysis

### A.  Standard of Review

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted if the movant demonstrates that no genuine issue of disputed material fact exists, rendering the movant entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(d). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). "The party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of [his] pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *See Bouchat v. Baltimore Ravens Football Club, Inc.,* 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e) ). The Court must view the evidence in the light most favorable to the non-movant, and draw all inferences in his favor without weighing the evidence or assessing witness credibility. *See Dennis v. Columbia Colleton Med. Ctr., Inc.,* 290 F.3d 639, 644-45 (4th Cir. 2002). Factually unsupported claims and defenses from proceeding to trial. *Bouchat*, 346 F.3d at 526.

Defendants have attached to their motion declarations and verified correctional records. Short has not submitted any evidence or response.  Because the Complaint is not verified, the Court cannot consider the factual allegations in determining the propriety of summary judgment. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); Fed. R. Civ. P. 56(c)(1)(A); *see also Abdelnaby v. Durham D & M, LLC*, No. GLR-14-3905, 2017 WL 3725500, at *4 (D. Md. Aug. 29, 2017) (awarding summary judgment for the defendants, because the plaintiff could not "create

a genuine dispute of material fact 'through mere speculation,'" and "[t]hus, the Court [wa]s left with a record that [wa]s bereft of evidence supporting any of Abdelnaby's arguments") (quoting *Beale v. Hardy*, 769, F.2d 213, 214 (4th Cir. 1985)).

**B.     Eighth Amendment Claim**

Where an inmate alleges that corrections personnel used excessive physical force, the claim is analyzed in the context of the inmate's Eighth Amendment right to be free from cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 7-9 (1992); *Whitley v. Albers*, 475 U.S. 312, 319-21 (1986). The Eighth Amendment proscribes "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) ).

To establish an Eighth Amendment violation, a plaintiff must demonstrate that the prison officials "acted with a sufficiently culpable state of mind (subjective component)" and that "the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Williams v. Benjamin,* 77 F.3d 756, 761 (4th Cir. 1996). With respect to the subjective component, the inmate must sustain the heavy burden of demonstrating that correctional officers applied force "maliciously and sadistically for the very purpose of causing harm," rather than "in a good-faith effort to maintain or restore discipline." *Whitley,* 475 U.S. at 320-21 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)). Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). If force is applied maliciously and sadistically, a defendant does not avoid

liability simply because the prisoner's physical injuries appear minor. *Id*. at 38.

Viewing the record evidence most favorably to Short, Defendants used force necessary to control Short when he became unruly and combative. Short sustained minor injuries requiring minimal medical attention, corroborating the nature and duration of the force used was appropriate. Accordingly, insufficient evidence exists to establish that Defendants violated Short's Eighth Amendment rights. Summary judgment is granted in Defendants' favor.

## III. Conclusion

For the foregoing reasons, Defendants' motion for summary judgment is granted. A separate order follows.

May 13, 2019

_____/S/_____
Paula Xinis
United States District Judge